that an allowance should have been made in the weight of the cheese to compensate for the inedible coverings.

**No. 45183.**—Protests 36280–K, etc., of Bel Paese Sales Co., Inc., et al. (New York).

Opinion by Keefe, J. In accordance with stipulation of counsel and on the authority of Locatelli v. United States (T. D. 49389) it was held that an allowance of 1 percent should have been made in the weight of the cheese to compensate for the inedible coverings.

**No. 45184.**—Protests 39936–K, etc., of B. Bendin, Inc., et al. (New York).

Opinion by Keefe, J. In accordance with stipulation of counsel and on the authority of Locatelli v. United States (T. D. 49389) it was held that an allowance of 1 percent should have been made in the weight of the cheese to compensate for the inedible coverings.

**No. 45185.**—Protests 961846–G of Kato Bros. & Co. (San Francisco).

Opinion by Keefe, J. It was stipulated that the merchandise consists of Rockingham earthenware similar to that the subject of Butler v. United States (4 Cust. Ct. 120, C. D. 303). The claim at 25 percent under paragraph 210 was therefore sustained.

**No. 45186.**—Protests 897242–G, etc., of Associated Mfrs. Importing Co. (San Francisco).

Opinion by Keefe, J. It was stipulated that the merchandise consists of Rockingham earthenware similar to that the subject of Butler v. United States (4 Cust. Ct. 120 C. D. 303). The claim at 25 percent under paragraph 210 was therefore sustained.

**No. 45187.**—Protests 897241–G, etc., of Sprouse Reitz Co. (San Francisco).

Opinion by Keefe, J. It was stipulated that the merchandise consists of Rockingham earthenware similar to that the subject of Butler v. United States (4 Cust. Ct. 120, C. D. 303). The claim at 25 percent under paragraph 210 was therefore sustained.

**No. 45188.**—Protests 893502–G, etc., of S. H. Kress & Co. (Los Angeles).

Opinion by Keefe, J. It was stipulated that the merchandise consists of Rockingham earthenware similar to that the subject of Butler v. United States (4 Cust. Ct. 120, C. D. 303). The claim at 25 percent under paragraph 210 was therefore sustained.